~~SEALED~~   FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



06 SEP 26 PM 5:04

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 8:06-CR-00400-T-27EAJ |
| v. | 18 U.S.C. §§ 1956(a)(3) and (h) |
| | 31 U.S.C. § 5324 |
| SAAD O. SAAD | 21 U.S.C. § 970 (forfeiture) |
| SAMER SALEH | 18 U.S.C. § 982 (forfeiture) |
| MARLON MEJIA | |

### INDICTMENT

The Grand Jury Charges:

### COUNT ONE

From in or about April of 2004 to on or about the date of the instant Indictment, in Hillsborough County, in the Middle District of Florida, and elsewhere,

SAAD O. SAAD,
SAMER SALEH, and
MARLON MEJIA,

the defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with each other, and other persons both known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct a financial transaction, affecting interstate commerce, involving property represented to be the proceeds of specified unlawful activity, that is, the importation, receipt, sale, and otherwise dealing in narcotic and other dangerous drugs, as defined in Title 21, United States Code, with the intent:

(A)  to promote the carrying on of said specified unlawful activity;



(B) to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of said specified unlawful activity; and

(C) to avoid a transaction reporting requirement under State or Federal law;

contrary to the provisions of Title 18, United States Code, Section 1956(a)(3).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

On or about August 24, 2004, in Hillsborough County, in the Middle District of Florida, and elsewhere,

SAAD O. SAAD,

the defendant herein, did knowingly conduct and attempt to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, that is, the importation, receipt, sale, and otherwise dealing in narcotic and other dangerous drugs, as defined in Title 21, United States Code, to wit, the delivery of and causing to be delivered forty-five thousand dollars ($45,000) in ninety-three (93) money orders with the U.S. Postal Service to be mailed to a place in England, with the intent

(A) to promote the carrying on of said specified unlawful activity; and

(B) to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of said specified unlawful activity;

contrary to the provisions of Title 18, United States Code, Section 1956(a)(3).

## COUNT THREE

On or about November 3, 2004, in Hillsborough County, in the Middle District of Florida, and elsewhere,

## SAAD O. SAAD,

the defendant herein, aided and abetted by others, did knowingly conduct and attempt to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, that is, the importation, receipt, sale, and otherwise dealing in narcotic and other dangerous drugs, as defined in Title 21, United States Code, to wit, the delivery of and causing to be delivered forty-nine thousand dollars ($49,000) in ninety-four (94) money orders with Federal Express to be mailed to a place in England, with the intent

(A)  to promote the carrying on of said specified unlawful activity; and

(B)  to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of said specified unlawful activity;

contrary to the provisions of Title 18, United States Code, Section 1956(a)(3).

## COUNT FOUR

On or about October of 2004, in Hillsborough County, in the Middle District of Florida, and elsewhere,

## SAAD O. SAAD,

the defendant herein, did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and cause to be structured the following transactions with domestic financial institutions, namely, the Snax convenience stores located at 2113

3

E. Linebaugh Avenue ("Snax A") and at 934 E. Henderson Avenue ("Snax B"), both in Tampa, Florida, and did so while violating another law of the United States as part of a pattern of illegal activity involving more than one hundred thousand dollars ($100,000) in a 12-month period:

| Date | Money Order No. | Amount | Location of Transaction |
|---|---|---|---|
| October 27, 2004 | 226282351 | $ 500.00 | Snax A |
| October 27, 2004 | 226282352 | $ 500.00 | Snax A |
| October 27, 2004 | 226282353 | $ 500.00 | Snax A |
| October 27, 2004 | 226282354 | $ 499.99 | Snax A |
| October 28, 2004 | 226282362 | $ 500.00 | Snax A |
| October 28, 2004 | 226282363 | $ 500.00 | Snax A |
| October 28, 2004 | 226282364 | $ 500.00 | Snax A |
| October 28, 2004 | 226282365 | $ 499.99 | Snax A |
| October 29, 2004 | 226282377 | $ 500.00 | Snax A |
| October 29, 2004 | 226282378 | $ 500.00 | Snax A |
| October 29, 2004 | 226282379 | $ 500.00 | Snax A |
| October 29, 2004 | 226282380 | $ 499.99 | Snax A |
| October 30, 2004 | 226282400 | $ 500.00 | Snax A |
| October 30, 2004 | 226282401 | $ 500.00 | Snax A |
| October 30, 2004 | 226282402 | $ 500.00 | Snax A |
| October 30, 2004 | 226282403 | $ 499.99 | Snax A |
| October 31, 2004 | 226282426 | $ 500.00 | Snax A |
| October 31, 2004 | 226282427 | $ 500.00 | Snax A |
| October 31, 2004 | 226282428 | $ 500.00 | Snax A |
| October 31, 2004 | 226282429 | $ 499.99 | Snax A |
| | Subtotal | $9,999.95 | |

| Date | Money Order No. | Amount | Location of Transaction |
|---|---|---|---|
| October 28, 2004 | 227652397 | $ 500.00 | Snax B |
| October 28, 2004 | 227652398 | $ 500.00 | Snax B |
| October 28, 2004 | 227652399 | $ 500.00 | Snax B |
| October 28, 2004 | 227652400 | $ 499.99 | Snax B |
| October 29, 2004 | 227650855 | $ 500.00 | Snax B |
| October 29, 2004 | 227650856 | $ 500.00 | Snax B |
| October 29, 2004 | 227650857 | $ 500.00 | Snax B |
| October 29, 2004 | 227650858 | $ 499.99 | Snax B |
| October 30, 2004 | 227650923 | $ 500.00 | Snax B |
| October 30, 2004 | 227650924 | $ 500.00 | Snax B |
| October 30, 2004 | 227650925 | $ 500.00 | Snax B |
| October 30, 2004 | 227650926 | $ 499.99 | Snax B |
| October 31, 2004 | 226282426 | $ 500.00 | Snax B |
| October 31, 2004 | 226282427 | $ 500.00 | Snax B |
| October 31, 2004 | 226282428 | $ 500.00 | Snax B |
| October 31, 2004 | 226282429 | $ 499.99 | Snax B |
| October 31, 2004 | 227650949 | $ 500.00 | Snax B |
| October 31, 2004 | 227650950 | $ 500.00 | Snax B |
| October 31, 2004 | 227650951 | $ 500.00 | Snax B |
| October 31, 2004 | 227650952 | $ 499.99 | Snax B |
| | Subtotal | $9,999.95 | |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d) and Title 31, Code of Federal Regulations, Section 103.11.

5

## COUNT FIVE

On or about May 23, 2005, in Hillsborough County, in the Middle District of Florida, and elsewhere,

SAAD O. SAAD and
SAMER SALEH,

the defendants herein, aiding and abetting each other, did knowingly conduct and attempt to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, that is, the importation, receipt, sale, and otherwise dealing in narcotic and other dangerous drugs, as defined in Title 21, United States Code, to wit, the transfer, receipt, and delivery of one hundred, ten thousand dollars ($110,000) in U.S. Currency, with the intent

(A) to promote the carrying on of said specified unlawful activity; and

(B) to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of said specified unlawful activity;

contrary to the provisions of Title 18, United States Code, Section 1956(a)(3) and Section 2.

## COUNTS SIX, SEVEN, EIGHT AND NINE

On or about the dates set forth below, in Hillsborough County, in the Middle District of Florida, and elsewhere,

SAMER SALEH,

the defendant charged in the Counts set forth below, did knowingly conduct and attempt to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, that is, the importation, receipt, sale, and otherwise dealing in

6

narcotic and other dangerous drugs, as defined in Title 21, United States Code, to wit, the wire transfer and causing to be wire transferred, by and through one or more domestic financial institutions, namely, Regions Bank, Washington Mutual Bank, and SouthTrust Bank, in the amounts listed below, on the following dates and at the following financial institutions:

| Count | Date of Wire Transfer | Amount | Financial Institution |
| --- | --- | --- | --- |
| Six | May 26, 2005 | $ 11,975 | Regions Bank |
| Seven | May 31, 2005 | $ 14,985 | Washington Mutual Bank |
| Eight | June 1, 2005 | $ 41,500 | SouthTrust Bank |
| Nine | June 2, 2005 | $ 14,975 | Regions Bank |

with the intent:

   (A)   to promote the carrying on of said specified unlawful activity; and

   (B)   to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of said specified unlawful activity;

contrary to the provisions of Title 18, United States Code, Section 1956(a)(3)

## COUNT TEN

From on or about May of 2005 to on or about June of 2005, in Hillsborough County, in the Middle District of Florida, and elsewhere,

### SAMER SALEH,

the defendant herein, did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and cause to be structured the following transactions

7

with domestic financial institutions, namely, the depositing of U.S. Currency and money orders at the Washington Mutual Bank and the Regions Bank, and did so while violating another law of the United States as part of a pattern of illegal activity involving more than one hundred thousand dollars ($100,000) in a 12-month period:

| Date | Amount | Location of Transaction |
|---|---|---|
| May 23, 2005 | $ 3,000.00 | Washington Mutual Bank |
| May 24, 2005 | $ 2,000.00 | Washington Mutual Bank |
| May 24, 2005 | $ 2,427.50 | Washington Mutual Bank |
| May 25, 2005 | $ 4,000.00 | Washington Mutual Bank |
| May 25, 2005 | $ 5,000.00 | Washington Mutual Bank |
| Subtotal | $16,427.50 | |
| | | |
| May 23, 2005 | $ 2,000.00 | Regions Bank |
| May 24, 2005 | $ 2,000.00 | Regions Bank |
| May 25, 2005 | $ 8,000.00 | Regions Bank |
| May 31, 2005 | $ 3,000.00 | Regions Bank |
| June 1, 2005 | $ 1,611.00 | Regions Bank |
| June 1, 2005 | $ 3,896.00 | Regions Bank |
| June 2, 2005 | $ 400.00 | Regions Bank |
| June 2, 2005 | $ 666.00 | Regions Bank |
| June 2, 2005 | $ 1,521.00 | Regions Bank |
| June 2, 2005 | $ 3,850.00 | Regions Bank |
| Subtotal | $26,944.00 | |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d) and Title 31, Code of Federal Regulations, Section 103.11.

## FORFEITURES

The allegations contained in Counts One through Ten of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1), and Title 31, United States Code, Section 5317(c)(1).

1.  From their engagement in any or all of the violations alleged in Counts One, Two, Three, Five, Six, Seven, Eight and Nine of this Indictment, in violation of Title 18, United States Code, Section 1956,

> SAAD O. SAAD,
> SAMER SALEH, and
> MARLON MEJIA,

the defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all of their right, title and interest in any property, real or personal, involved in such offense, and any property traceable to such property.

2.  From their engagement in any or all of the violations alleged in Counts Four and Ten of this Indictment, in violation of Title 31, United States Code, Section 5324,

> SAAD O. SAAD and
> SAMER SALEH,

the defendants herein, shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5317(c)(1), all property, real or personal, involved in such offense, and any property traceable thereto.

3.  Specific property alleged subject to forfeiture includes, but is not limited to, the following:

   a.  real property located at 6408 N. Queensway Drive in Temple Terrace, Florida, more fully described as follows:

   Lot 7 in Block 6 of Theresa Arbor, according to the map or plat thereof as recorded in Plat Book 56, Page 21, of the Public Records of Hillsborough County, Florida; and

   b.  A money judgment in the total amount of the funds which the defendants laundered and structured, for which the defendants are jointly and severally liable.

4.  If any of the property described above, as a result of any act or omission of the defendants:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated under the provisions of Title 18, United States Code, Section

982(b)(1) and Title 31, United States Code, Section 5317(c)(1)(B), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

A TRUE BILL

_____
FOREPERSON

PAUL I. PEREZ
United States Attorney

By: _____
W. STEPHEN MULDROW
Assistant U.S. Attorney

For: _____
JOSEPH K. RUDDY
Assistant U.S. Attorney
Deputy Chief, Narcotics Section

11

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

SAAD O. SAAD
SAMER SALEH
MARLON MEJIA

## INDICTMENT

Violations:

18 U.S.C. §§ 1956(a)(3) and (h)
31 U.S.C. § 5324
21 U.S.C. § 970 (Forfeiture)
18 U.S.C. § 982 (Forfeiture)

A true bill,

_____
Foreperson

Filed in open court this 26th day
of September, A.D. 2006.

_____
Clerk

Bail $ _____

FILED

06 SEP 26  PM 5:05

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA